UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAIAH MOSSES COLLEY, et al.,<br><br>                     Plaintiffs,<br><br>    v.<br><br>BENTON COUNTY, WASHINGTON, et al.,<br><br>                     Defendants. | NO. 4:22-CV-5157-TOR<br><br>ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Joint Motion to Dismiss (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Joint Motion to Dismiss (ECF No. 8) is GRANTED.

## BACKGROUND

This matter arises from the alleged improper detention and/or arrest of Plaintiffs Isaiah Mosses Colley, Dakota Leigh Street, Dion Alberto Galvan, Bernice Tanya Colley, Lydia Resendez, and David Martinez. ECF No. 1-1.

ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS ~ 1

On August 5, 2019, Prosser Police Officer Antonio Bustamante was shot by an assailant, later improperly identified as Plaintiff Mosses Colley. *Id*. at 6, ¶ 6.2. An arrest warrant was issued for Mosses Colley by Benton County. *Id*. After an unsuccessful search for Mosses Colley in Benton County, law enforcement placed under surveillance Mosses Colley's mother's home in Chehalis, Washington. *Id*. All Plaintiffs were present at the home when law enforcement arrived. *Id*. Plaintiffs Martinez, Galvan, and Resendez left the home to go to the store but were stopped and detained by law enforcement officers. *Id*., ¶ 6.3. Martinez and Resendez were eventually released. *Id*., ¶ 6.4. Galvan was held in a law enforcement vehicle. *Id*., ¶ 6.5.

Law enforcement officers then surrounded the home. *Id*. at 7, ¶ 6.6. Plaintiffs Street, Tanya Colley, and Mosses Colley remained in the home. *Id*. Plaintiff Tanya Colley saw the officers outside the screen door and immediately complied with orders to exit the home. *Id*., ¶ 6.7. Plaintiffs Street and Mosses Colley also exited. *Id*., ¶ 6.9. Plaintiffs Galvan, Street, and Tanya Colley were arrested and charged with rendering criminal aid. *Id*., ¶ 6.12. The charges were later dismissed. *Id*., ¶ 6.13.

Plaintiff Mosses Colley was also arrested and later transferred to Benton County Jail. *Id*. He remained in custody for over one year before the criminal case against him was dismissed. *Id*., ¶ 6.22–6.23.

Plaintiffs filed a Complaint on October 4, 2022 in Superior Court for the County of Walla Walla, Washington. ECF No. 1-1. On December 9, 2022, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(a). ECF No. 1. Plaintiffs did not challenge the removal. Defendants jointly filed the present motion seeking judgment on the pleadings with regard to Plaintiffs' claims for damages arising under the Washington State Constitution. ECF No. 8.

This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

## DISCUSSION

### I. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). "A judgment

on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted).

Defendants move for judgment on Plaintiffs' damages claims arising under the Washington State Constitution on the grounds that the claims are not cognizable. ECF No. 8. The Court agrees. It is well-settled under Washington law that a person cannot seek damages for alleged violations to the Washington Constitution, absent express statutory authority. *Reid v. Pierce Cnty.,* 136 Wash. 2d 195 (1998) (en banc) (declining a plaintiff's invitation to create a private right of action for damages under article I, section 7 of the Washington Constitution); *Blinka v. Wash. State Bar Ass'n*, 109 Wash. App. 575, 591 (2001) (holding article I, section 5 does not provide a private right of action); *Youker v. Douglas Cnty.,* 178 Wash. App. 793, 797 (2014) ( "[O]ur Supreme Court has refused to create a

ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS ~ 4

constitutional cause of action for governmental privacy invasions. . . . Likewise, we decline to do so here."); *Sys. Amusement, Inc. v. State,* 7 Wash. App. 516, 518 (1972) (holding article I, section 3 does not create a cause of action for money damages).

Plaintiffs provide no authority granting a private right of action to their state constitutional claims for damages. As such, the claims fail as a matter of law and Defendants are entitled to judgment on the pleadings. The claims are dismissed with prejudice because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Joint Motion to Dismiss (ECF No. 8) is **GRANTED**. Plaintiffs' causes of action for monetary damages arising under the Washington State Constitution are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 25, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS ~ 5