UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAIAH MOSSES COLLEY, DAKOTA LEIGH STREET, DION ALBERTO GALVAN, BERNICE TANYA COLLEY, LYDIA RESENDEZ, and DAVID MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BENTON COUNTY, WASHINGTON; CITY OF PROSSER, WASHINGTON; CITY OF CENTRALIA; and LEWIS COUNTY, WASHINGTON,<br><br>Defendants. | NO. 4:22-CV-5157-TOR<br><br>ORDER DENYING DEFENDANT CITY OF CENTRALIA'S MOTION TO DISMISS AND DEFENDANT CITY OF PROSSER'S MOTION TO JOIN |

BEFORE THE COURT is Defendant City of Centralia's Motion to Dismiss (ECF No. 47) which Defendant City of Prosser seeks to join (ECF No. 51). These matters were considered without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below,

ORDER DENYING DEFENDANT CITY OF CENTRALIA'S MOTION TO DISMISS AND DEFENDANT CITY OF PROSSER'S MOTION TO JOIN ~ 1

Defendant City of Centralia's Motion to Dismiss (ECF No. 47) and Defendant City of Prosser's Motion to Join (ECF No. 51) are DENIED.

## DISCUSSION

Defendants City of Centralia and City of Prosser move to dismiss under Federal Rules of Civil Procedure 16(f)(1)(C)[1] and 37(b)(2)(A)(v)[2] based on a purported failure by Plaintiff to fully participate in discovery, failure to pay awarded attorney's fees, and failure to amend the Complaint. ECF Nos. 47 at 2–4 and 51 at 2–5. The Ninth Circuit employs a five-factor test to determine whether sanction in the form of dismissal is proper: (1) the public interest, (2) the court's need to manage the docket, (3) the risk of prejudice to the defendant, (4) public policy favoring disposition of cases on their merits and (5) the availability of less

---

[1] "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

[2] "If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which may include, "dismissing the action in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

ORDER DENYING DEFENDANT CITY OF CENTRALIA'S MOTION TO
DISMISS AND DEFENDANT CITY OF PROSSER'S MOTION TO JOIN ~ 2

1 | drastic alternatives.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1991)

2 | (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th

3 | Cir. 1986)).  "Dismissal is a harsh penalty and is to be imposed only in extreme

4 | circumstances."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

5 | In support of the first and second factors, Defendants posit that public

6 | interest is in favor of a speedy resolution of this litigation, which goes hand in hand

7 | with docket management.  ECF Nos. 47 at 8 and 51 at 6.  While in agreement that

8 | expedient resolution of a dispute is favorable, the Court notes that in the

9 | Scheduling Order, issued on July 3, 2023, parties were directed to contact

10 | chambers to resolve discovery disputes in a timely manner.  ECF No. 27 at 6.

11 | Defendants opted to instead file these motions for sanctions.  This, in conjunction

12 | with Plaintiffs' answers to interrogatories on the record, (ECF No. 52), and

13 | Plaintiffs' counsel's declaration that attorney's fees were paid on January 19 (ECF

14 | No. 49), weighs against granting dismissal.

15 | As to the third factor, courts determine prejudice to a defendant by

16 | examining whether the plaintiff's actions impair the defendant's ability to maintain

17 | trial schedule or threatens to interfere with the rightful decision of the case.  *See*

18 | *Rubin v. Belo Broadcasting Corp. (In re Rubin)*, 769 F.2d 611, 618 (9th Cir.1985).

19 | Defendants assert that both cities have faced prejudice because Plaintiffs have

20 | failed to timely amend their complaint.  ECF Nos. 47 at 8–9 and 51 at 7–9.  The

1  discovery Plaintiffs have responded has, in some cases been non-responsive
2  overbroad.  *Id*.; see also ECF No. 52.  Defendants argue Plaintiffs' conduct in this
3  case has resulted in a delay in their own case management and will ultimately lead
4  to prejudice.  *Id*.  Discovery in this matter is not set to close until July 1, 2024.
5  ECF No. 27 at 4, ¶ 5.  Further, Plaintiffs have provided answers to the
6  interrogatories.  *See generally* ECF No. 52.  If parties cannot meet the deadline due
7  to discovery-related issues, Defendants are free to seek an extension in the
8  scheduling order deadline and contact the Court to sort out disputes.  However,
9  given that the cutoff is still nearly five months away, the Court is not persuaded
10 that dismissal due to prejudice is warranted at this stage of the proceeding.
11 Similarly, Defendants are correct that the Court ordered Plaintiffs to amend their
12 Complaint within a timely fashion which has yet to be accomplished, but it *sua*
13 *sponte* dismissed the John Doe Defendants, thereby alleviating some of the
14 confusion surrounding Plaintiffs' claims.  ECF No. 41.  While the third factor
15 weighs slightly in favor of dismissal given that Plaintiffs, aided by learned counsel,
16 have yet to amend their Complaint, it must be balanced in light of the other factors.
17     The fourth factor weighs heavily against dismissal based on procedure when
18 considered in conjunction with Court's impending consideration of Defendant
19 Benton County's Motion for Judgment on the Pleadings (ECF No. 50).  Plaintiffs
20 have been cautioned to be more attentive to directives from the Court moving

ORDER DENYING DEFENDANT CITY OF CENTRALIA'S MOTION TO
DISMISS AND DEFENDANT CITY OF PROSSER'S MOTION TO JOIN ~ 4

forward (ECF No. 59), however public policy favoring disposition of claims based on their merit "is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987).  With the opportunity to hear the merits of this case approaching, this factor weighs against a sanction in the form of dismissal.

While Defendants are correct that the Court has imposed sanctions on Plaintiffs' counsel in conjunction with a motion to compel (ECF No. 46), the Fifth and Sixth factors also weigh against dismissal because, as stated above, the Court is available to resolve discovery disputes quickly.  ECF Nos. 47 at 10, 51 at 10. Further, Plaintiffs' counsel has attested that the awarded fees have been paid, and that efforts have been made to comply with the Court's Order.  ECF No. 49. Alternative forms of resolution for Defendants' discovery issues are available, and dismissal based on Rules 16(f) and 37(b) is too drastic of a measure at this point.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant City of Centralia's Motion to Dismiss (ECF No. 47) and

Defendant City of Prosser's Motion to Join (ECF No. 51) are **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.  Each party to bear its own costs and expenses.

DATED March 12, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT CITY OF CENTRALIA'S MOTION TO DISMISS AND DEFENDANT CITY OF PROSSER'S MOTION TO JOIN ~ 5