FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAIAH MOSSES COLLEY, DAKOTA LEIGH STREET, DION ALBERTO GALVAN, BERNICE TANYA COLLEY, LYDIA RESENDEZ, and DAVID MARTINEZ,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF PROSSER, WASHINGTON; CITY OF CENTRALIA; and LEWIS COUNTY, WASHINGTON,<br><br>　　　　　　　Defendants. | NO. 4:22-CV-5157-TOR<br><br>ORDER GRANTING DEFENDANT CITY OF PROSSER'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant City of Prosser's Motion for Summary Judgment (ECF No. 77). Plaintiffs responded, indicating their non-opposition to the motion (ECF No. 81). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant City of Prosser's Motion

ORDER GRANTING DEFENDANT CITY OF PROSSER'S MOTION FOR SUMMARY JUDGMENT ~ 1

for Summary Judgment (ECF No. 77) is GRANTED.

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Thus, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Plaintiffs' assert, "[i]n light of the Court's earlier ruling regarding Benton County," they do not oppose "removing the City of Prosser from this litigation." ECF No. 81. Per Rule 56(e)(3), a court may, "grant summary judgment if the

motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). In light of Plaintiffs' response, the Court finds that Defendant City of Prosser is entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant City of Prosser's Motion for Summary Judgment (ECF No. 77) is **GRANTED**. The City of Prosser is **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and terminate the City of Prosser from the docket.

DATED June 17, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT CITY OF PROSSER'S MOTION FOR SUMMARY JUDGMENT ~ 3