FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAIAH MOSSES COLLEY, DAKOTA LEIGH STREET, DION ALBERTO GALVAN, BERNICE TANYA COLLEY, LYDIA RESENDEZ, and DAVID MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CENTRALIA, and LEWIS COUNTY, WASHINGTON,<br><br>Defendants. | NO. 2:22-CV-5157-TOR<br><br>ORDER GRANTING DEFENDANT LEWIS COUNTY'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Lewis County's Motion for Summary Judgment (ECF No. 84). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant Lewis County's Motion for Summary Judgment (ECF No. 84) is GRANTED.

ORDER GRANTING DEFENDANT LEWIS COUNTY'S MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

This matter arises from the alleged improper detention and/or arrest of Plaintiffs Isaiah Mosses Colley, Dakota Leigh Street, Dion Alberto Galvan, Bernice Tanya Colley, Lydia Resendez, and David Martinez. ECF No. 1-1. The Court previously provided a detailed factual background of the events in ECF No. 74 and will only give a brief recitation here, focusing on the alleged actions of Lewis County.

On August 5, 2019, Plaintiff Isaiah "Mosses" Colley was improperly identified as a suspect in the shooting of a police officer responding to a burglary in the City of Prosser. ECF No. 89 at 2, ¶¶ 1–2. An arrest warrant for Mosses was issued, and a multi-municipality response set to work in locating him. *Id.*, ¶ 4. He was eventually found at the home of Bernice "Tanya" Colley, his mother. *Id.* at 2, ¶¶ 4–6. Upon discovering that Mosses was inside the home, members of the Lewis County SWAT team, including Lewis County Sheriff Deputies W. Adkisson, S. Ferguson, and Detective T. Brown, were deployed to the scene.[1] ECF No. 84 at 3. Lewis County maintains that these officers were assigned to oversee the situation and observe the scene. ECF No. 89 at 3, ¶¶ 8–10. Eventually, Mosses opened the front door and came out with his hands up. *Id.*, ¶ 11. Mosses was arrested as the

---

[1] The first names of the officers have not been provided to the Court.

ORDER GRANTING DEFENDANT LEWIS COUNTY'S MOTION FOR SUMMARY JUDGMENT ~ 2

main target of the warrant, along with Tanya, Dakota Leigh Street, and Dion Alberto Galvan, for rendering criminal assistance. ECF No. 90 at 5, ¶ 31.

From this point on, parties seem to disagree as to the series of events, and the level of involvement from officers of Lewis County. Lewis County maintains that the extent of its involvement with any named Plaintiff was minimal, as their role was confined to monitoring the situation that led to an arrest, but nothing more. ECF No. 84 at 4. While it is not clear which municipality arrested Mosses, Tanya, Dakota, and Dion, it seems that all were initially booked into the Lewis County jail. *See* ECF No. 1-1 at 8, ¶ 6.18 ("The family members were forced to stay apart as conditions of release from Lewis County"); *see also* ECF No. 87 at 7 ("All detained were transported to the Lewis County Jail where they were booked."). While detained, officers with the Lewis County jail allegedly called Dakota's father to tell him that she was pregnant and that Mosses, as the father of her child, was dangerous. ECF No. 90 at 6. Eventually, Tanya, Dakota, and Dion were released and charges against them related to Mosses' detainment were dropped. ECF No. 86 at 5. However, Plaintiffs allege that Dakota was made to walk five miles home in the August heat after her release from jail, as she was arrested without her phone. ECF No. 92 at 7.

Lewis County moves for Summary Judgment, arguing that it had limited contact with all Plaintiffs, no constitutional violations were committed, and that the

ORDER GRANTING DEFENDANT LEWIS COUNTY'S MOTION FOR SUMMARY JUDGMENT ~ 3

1 relevant statute of limitations expired before Plaintiffs filed this case. ECF No. 84 at 4. Plaintiffs argue that questions of fact still remain. ECF No. 92 at 11.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational

inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II.    Time-Barred Claims

At the outset, the Court notes that all individual officers were dismissed for failure to name and serve in this case, and as such, liability cannot attach to Deputies Adkisson and Ferguson or Detective Brown, in their individual capacity. *See* ECF No. 41. Another troubling point, while Lewis County is adamant that it played no greater role than observation at the scene on August 5, 2019, it fails to address the contention that several Plaintiffs were allegedly held in the Lewis County Jail. *See* ECF No. 84 and ECF No. 99 at 3–4. Although Plaintiffs also do not mention their time spent at Lewis County Jail with great particularity, and as discussed below the claims are time barred, nevertheless, the Court finds this omission, at best, careless.

As was the case with the dismissal of Defendant Benton County, here Plaintiffs' claims are time barred by the three-year statute of limitation for 42 U.S.C. § 1983. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). A § 1983 action accrues, and the statute of limitations begins to run,

1  when a plaintiff knows or has reason to know of the injury that form the basis of
2  his or her action. *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir.
3  1991). All of Plaintiffs' claims as they relate to Lewis County occurred
4  somewhere between August 5, 2019, and August 7, 2019, meaning the statute of
5  limitations would preclude claims after August 7, 2022. Plaintiffs do not address
6  the late date of their filing, October 4, 2022, and therefore Lewis County is entitled
7  to summary judgment with respect to Plaintiffs' 42 U.S.C § 1983 claims.

8       Additionally, Plaintiffs' negligence claims are time barred by the relevant
9  statute of limitation. *See* RCW 4.16.080(2) (providing a three-year limitation
10 period). Under Washington law, the relevant period of accrual begins "when the
11 plaintiff knew or should have known the essential elements of the cause of action,"
12 and the Court finds that, to the extent Plaintiffs may have viable actions in
13 negligence, negligent infliction of emotional distress, and intentional infliction of
14 emotional distress against Lewis County, those actions began tolling in August
15 2019. *Killian v. Seattle Pub. Schs.*, 189 Wash.2d 447, 454 (2017); *see also*
16 *Reichelt v. Johns-Manville Corp.*, 107 Wash. 2d 761, 769 (1987) ("[A] cause of
17 action in a negligence case accrues when a plaintiff discovers or reasonably should
18 have discovered the essential elements of negligence, *i.e.,* duty, breach, causation
19 and damages"). The Court is skeptical that any duty has been breached, but even if
20 it has, all of Plaintiffs' perceived damages occurred while they were in the custody

1  of Lewis County, the latest potential cause of action being Dakota's release from
2  jail allegedly two days later.  ECF No. 92 at 35.  Plaintiffs were aware that they
3  were suffering harm at the hands of officers, potentially from Lewis County, in the
4  moments surrounding their detainment and later at booking.  *Id*. at 16–17.  With
5  respect to the Negligent Infliction of Emotional Distress claim, Plaintiffs simply
6  state that Lewis County had a duty to act reasonable, and it did not.  *Id*. at 17.  This
7  vague statement does not carry the claim, but again even if it did, Plaintiffs would
8  first have to prove negligence in order to establish negligent infliction of emotional
9  distress, and then provide evidence of objective symptomology.  *Hegel v.*
10 *McMahon,* 136 Wash. 2d 122, 133 (1998).  Plaintiffs provide no evidence that
11 anyone suffered emotional distress that is "susceptible to medical diagnosis and
12 proved through medical evidence," at the hands of Lewis County.  *Id*. at 135.  At
13 most, Plaintiffs discuss that Dion was at "significant risk" regarding his asthma and
14 that he has a fear of guns.  ECF Nos. 90 at 3 and 92 at 19.  And with respect to the
15 Intentional Infliction of Emotional Distress claim, the conduct Plaintiff complains
16 of was experienced in the moment, and therefore their claims are untimely as
17 accrued.  *Rozzano v. Rozzano*, 160 Wash. App. 1046 (2011).
18      In sum, Plaintiffs' contentions make clear that they felt a duty held by Lewis
19 County was breached and caused them damage during the events between August
20 5, 2019, and around August 7, 2019.  *See generally* ECF No. 93 at 4–7.  As such,

ORDER GRANTING DEFENDANT LEWIS COUNTY'S MOTION FOR
SUMMARY JUDGMENT ~ 7

1   the relevant period has tolled, and no question of fact remains as to Defendant

2   Lewis County, making summary judgment proper.  *See Allen v. State*, 118

3   Wash.2d 753, 757-58 (1992) (finding that what the plaintiff should have known

4   that the time of injury is typically a question of fact, unless reasonable minds could

5   not differ, and therefore may be decided as a question of law).

6   **ACCORDINGLY, IT IS HEREBY ORDERED:**

7       Defendant Lewis County's Motion for Summary Judgment (ECF No. 84) is

8   **GRANTED**.

9       The District Court Executive is directed to enter this Order, terminate Lewis

10  County as a Defendant, and furnish copies to counsel.

11      DATED August 19, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT LEWIS COUNTY'S MOTION FOR
SUMMARY JUDGMENT ~ 8