FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAIAH MOSSES COLLEY, DAKOTA LEIGH STREET, DION ALBERTO GALVAN, BERNICE TANYA COLLEY, LYDIA RESENDEZ, and DAVID MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CENTRALIA,<br><br>Defendant. | NO. 4:22-CV-5157-TOR<br><br>ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant City of Centralia's Motion for Summary Judgment (ECF No. 86). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant City of Centralia's Motion for Summary Judgment (ECF No. 86) is GRANTED.

ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION
FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

This matter arises from the alleged improper detention and/or arrest of Plaintiffs Isaiah Mosses Colley, Dakota Leigh Street, Dion Alberto Galvan, Bernice Tanya Colley, Lydia Resendez, and David Martinez. ECF No. 1-1. The Court previously provided a detailed factual background of the events in ECF No. 74 and will only give a brief recitation here, focusing on the alleged actions of the City of Centralia.

Plaintiffs allege that officers with the City of Centralia were involved in the effort to detain or arrest each of them. ECF No. 95 at 7. They allege that City of Centralia officers performed the traffic stop which resulted in Dion's arrest and participated in surrounding Tanya's home searching for Mosses. *Id*. at 13. As part of the traffic stop, Plaintiffs allege that Dion was subject to uncomfortable and potentially dangerous conditions while confined to a patrol car with no ventilation on an August afternoon, and an underlying condition of asthma. *Id*. at 4. According to Plaintiffs, Lydia was inappropriately subject to the heat while being ridiculed by officers and was questioned in English when she is primarily a Spanish speaker. ECF No. 97 at 2. Plaintiffs contend that there was no reason to detain any of the family members, including Dion and Lydia. ECF No. 95 at 13. City of Centralia maintains that Lydia and Dion were rendering criminal assistance because they both denied knowing that Mosses was inside his mother's home.

ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION FOR SUMMARY JUDGMENT ~ 2

ECF No. 88 at 5. Meanwhile, heavily armed police presence surrounded Tanya's home, terrifying the occupants. ECF No. 95 at 6, 13. Eventually, Tanya and Dakota were arrested along with Dion for rendering criminal assistance. ECF No. 88 at 5–6.

Defendant City of Centralia moves for summary judgment, arguing that Plaintiffs' 42 U.S.C. § 1983 claim is time-barred and that they have not successfully argued their state law claims. ECF No. 86. Plaintiffs argue that their federal claim is not subject to the relevant statute of limitation and that they have proper claims for Negligence, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress. ECF No. 85.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify

1 specific facts showing there is a genuine issue of material fact. *See Anderson v.*
2 *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla
3 of evidence in support of the plaintiff's position will be insufficient; there must be
4 evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

5     For purposes of summary judgment, a fact is "material" if it might affect the
6 outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is
7 "genuine" only where the evidence is such that a reasonable jury could find in
8 favor of the non-moving party. *Id*. The Court views the facts, and all rational
9 inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*
10 *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted
11 "against a party who fails to make a showing sufficient to establish the existence of
12 an element essential to that party's case, and on which that party will bear the
13 burden of proof at trial." *Celotex*, 477 U.S. at 322.

14   **II.    42 U.S.C. § 1983**

15     Plaintiffs' claims are no less time barred by the three-year statute of
16 limitation for 42 U.S.C. § 1983 here than with respect to any other previously
17 dismissed Defendant. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,
18 1058 (9th Cir. 2002). A § 1983 action accrues, and the statute of limitations begins
19 to run, when a plaintiff knows or has reason to know of the injury that form the
20 basis of his or her action. *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760

1  (9th Cir. 1991).  Further, the tolling provision in RCW 4.96.020(4) is inapplicable

2  to Plaintiff's § 1983 claims.  *Bos. v. Kitsap Cnty.*, 852 F.3d 1182, 1189 (9th Cir.

3  2017).  All of Plaintiffs' claims as they relate to the City of Centralia occurred

4  somewhere around August 5, 2019, meaning the statute of limitations would

5  preclude claims after August 5, 2022.  Thus, the City of Centralia is entitled to

6  summary judgment.

7      **III.  State Law Claims**

8      The City of Centralia also moves for summary judgment on Plaintiffs state

9  law claims, including negligence, negligent infliction of emotional distress, and

10 intentional infliction of emotional distress.  ECF No. 86 at 14.  The Court once

11 again notes that the individual officers in this matter were dismissed because

12 Plaintiffs failed to name and serve them, and thus "the Centralia officers named,"

13 are not proper defendants.  *See* ECF No. 95 at 23; ECF No. 41.  Washington courts

14 have held that generally the function of law enforcement outweighs the criminal

15 suspect's interest in freedom from emotional distress, "the law ... closely

16 circumscribes the types of causes of action which may arise against those who

17 participate in law enforcement activity," and therefore law enforcement activities

18 are typically not reachable in negligence.  *Keates v. City of Vancouver*, 73 Wash.

19 App. 257, 267 (1994) (internal citations omitted).

20     To state a claim for negligence, a plaintiff must establish duty, breach,

causation, and damage or injury. *Hartley v. State*, 103 Wash. 2d 768, 777 (1985). "[W]hether a particular class of defendants owes a duty to a particular class of plaintiffs is a question of law and depends on mixed considerations of 'logic, common sense, justice, policy, and precedent.'" *Hartley v. State*, 103 Wash.2d 768, 779 (1985) (quoting *King v. Seattle*, 84 Wash.2d 239, 250 (1974)). Under Washington law, every reasonable person owes a duty of care to refrain from causing foreseeable harm to others. *Beltran-Serrano v. City of Tacoma*, 193 Wash.2d 537, 550 (2019). However, when the defendant is a governmental entity, a plaintiff must demonstrate that the duty breached was owed to an individual and not an obligation owed to the general public. *Beltran-Serrano v. City of Tacoma*, 193 Wash. 2d 537, 549 (2019). The public duty doctrine "applies in the context of law enforcement and encompasses the duty to refrain from directly causing harm to another through affirmative acts of misfeasance." *Beltran-Serrano*, 193 Wash.2d at 550. Here, though not entirely clear in every instance that Plaintiffs are alleging, the City of Centralia committed some acts against Plaintiffs, leading to the rise of duty of reasonable care.

Though individual officers are not proper defendants to this matter, an employer may nevertheless be liable under *respondeat superior* for its employee's negligence if the employee was acting within the scope of employment at the time of injury. *Breedlove v. Stout*, 104 Wash. App. 67, 69 (2001). At the outset, the

Court notes that Plaintiffs do not rebut Defendant's assertion that no expert has been provided, and thus it will be more difficult to determine if the individual involved officers fell below a standard of care of a reasonable officer in this situation. ECF No. 86 at 14. However, even absent the opinion of an expert, it does not appear that any substandard of care was exercised by the City of Centralia in any interaction that Plaintiffs describe.

While generally, police owe a reasonable duty of care when executing a search warrant, *Mancini v. City of Tacoma*, 196 Wash. 2d 864, 888 (2021), here, the City of Centralia and other entities were operating per the information provided in the arrest warrant for Mosses, a believed armed and dangerous fugitive on the run. Reasonable minds could not differ that the response from police was proportional to the perceived threat because police were attempting to execute a valid arrest warrant for a fleeing suspect. Washington courts have affirmatively held that there is no general tort for negligent investigation because it would have a chilling impact on law enforcement activity. *Janaszak v. State*, 173 Wash. App. 703, 725 (2013). Further, Plaintiffs do not allege that the City of Centralia was the specific municipality that arrested Mosses. In fact, Plaintiffs only allege with particularity that the City of Centralia is liable for the arrest of Dion and subjecting Lydia to heat and ridicule. ECF No. 95 at 13. But they provide no answer to Defendant's contention that City of Centralia police were responding to a

ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION FOR SUMMARY JUDGMENT ~ 7

perceived threat of an armed and dangerous individual, other than to generally say that the actions were unreasonable. ECF No. 95 at 26. Further, Plaintiffs' answer to the City of Centralia's contention that officers had probable cause to detain Lydia and arrest Dion for rendering criminal assistance is similarly cyclical, that it was unreasonable to do so, and that neither meant to mislead officers. ECF No. 86 at 4–5. Regardless, this claim is likewise untenable, as the Ninth Circuit has held that probable cause acts as a complete defense to negligence. *See Scotti v. City of Phoenix,* 609 F. App'x 386, 389 (9th Cir. 2015).

Plaintiffs also seem to make the claim that the City of Centralia is liable for failing to properly train the officers involved, as evidenced by the response surrounding Tanya's home. ECF No. 95 at 26. This claim fails as a matter of law, the City of Centralia cannot be held liable for a failure to train because the officers were acting within the scope of their employment during the actions taken on August 5, 2019. *Anderson v. Soap Lake* Sch. Dist., 191 Wash. 2d 343, 361 (2018) (quoting Restatement (Second) of Torts § 317 cmt. a (1965)). And to the extent that Plaintiffs are alleging a failure to supervise claim, Washington courts typically require allegations that the entity knew or had reason to know that a specific employee presented dangerous propensities. *Niece v. Elmview Grp. Home*, 131 Wash.2d 39, 52 (1997). Here, Plaintiffs do not demonstrate how the City of Centralia failed to supervise a particular employee or set of employees with

ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION FOR SUMMARY JUDGMENT ~ 8

dangerous propensities resulting in damage to Plaintiffs. As a result, the Court finds that the City of Centralia acted reasonably and is entitled to summary judgment.

With respect to Negligent Infliction of Emotional Distress, Washington has maintained that police officers owe no duty to use reasonable care to avoid inadvertent infliction of emotional distress on the subject of a criminal investigation. *Keates*, 73 Wash. App. at 269. Even if they were able to maintain their claim, Plaintiffs still do not provide evidence that anyone suffered emotional distress that is "susceptible to medical diagnosis and proved through medical evidence," at the hands of the City of Centralia during the events of August 5, 2019. *Hegel v. McMahon*, 136 Wash. 2d 122, 135 (1998). At most, Plaintiffs discuss their ongoing fear triggered by the police presence searching for Mosses, but provide no medical evidence to support the claim. ECF No. 95 at 5. Defendant City of Centralia is entitled to summary judgment.

Finally, Plaintiffs cannot maintain their Intentional Infliction of Emotional Distress claim. To prove Intentional Infliction of Emotional Distress, the conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975). While the question of whether the defendant behaved outrageously is

1 typically left for a jury, a court is tasked with first determining if reasonable minds

2 could differ as to whether the conduct was so extreme it results in liability.

3 *Dicomes v. State*, 113 Wash.2d 612, 630 (1989).

4      Here, Plaintiffs point to no case qualifying a SWAT-style response to an

5 alleged armed and dangerous individual, nor the arrest of individuals who lied to

6 police, as "outrageous." The circumstances of the day, including surrounding a

7 private residence where the target of an arrest warrant may be staying, or placing

8 an individual in the back of a patrol car on an August afternoon, were all

9 reasonable. The Court finds this conduct objectively reasonable and comes

10 nowhere near the charge of "outrageous" conduct. *Guffey v. State*, 103 Wash. 2d

11 144, 146 (1984). Moreover, Plaintiffs do not provide with any specificity the

12 actions it charges the City of Centralia with outside of the traffic stop of Dion and

13 Lydia, and as such, it is entitled to summary judgment.

14 //

15 //

16 //

17 //

18 //

19 //

20 //

ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION
FOR SUMMARY JUDGMENT ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant City of Centralia's Motion (ECF No. 86) is **GRANTED**. Plaintiffs' claims are dismissed with prejudice.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to counsel, and **CLOSE** the file. The deadlines, hearings and trial date are **VACATED.**

DATED September 5, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT CITY OF CENTRALIA'S MOTION FOR SUMMARY JUDGMENT ~ 11